## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

JORDAN IRVING                                                    PLAINTIFF

v.                                          CAUSE NO. 1:22-cv-349-LG-RPM

MIKE EZELL, et al.                                              DEFENDANTS

### ORDER OF DISMISSAL FOR LACK OF PROSECUTION

**THIS MATTER IS BEFORE THE COURT** *sua sponte.  Pro se* Plaintiff
Jordan Irving brings this conditions-of-confinement Complaint under 42 U.S.C. §
1983.

On December 23, 2022, Irving was ordered to "either pay the required . . .
filing fee . . . or file a complete application for leave to proceed *in forma pauperis*,
including the section entitled 'Certificate to Be Completed by Authorized Officer' of
prison accounts or file an affidavit specifically stating the name of the prison official
contacted concerning the Certificate and why this information is not provided to
this court."  (Order, at 1, ECF No. 3).  This Order warned Irving that "[f]ailure to
advise this court of a change of address or failure to comply with any order of this
court . . . may result in the dismissal of this case."  (*Id*. at 2).  This Order was mailed
to Irving at his last-known mailing address, and it was not returned by the postal
service as undeliverable.  Irving did not timely comply with this Order.

On January 24, 2023, the Court ordered Irving to show cause why this case
should not be dismissed for his failure to comply.  (Order to Show Cause, ECF No.
4).  He was given until February 7, 2023, to comply with the Court's Orders, and he

was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." (*Id.* at 2). The Order to Show Cause was mailed to Irving at his last-known mailing address, and it was not returned by the postal service as undeliverable. Irving did not timely comply with the Order to Show Cause.

The Court entered a Second and Final Order to Show Cause on February 14, 2023. The Court extended Irving's responsive deadline to February 28, 2023, and warned him again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." (Second and Final Order to Show Cause, at 2, ECF No. 5 (emphasis in original)). Irving was cautioned that this was his "final opportunity" to comply with the Court's Orders. (*Id.*). The Second and Final Order to Show Cause was mailed to Irving at his last-known mailing address, and it was not returned by the postal service as undeliverable. Irving did not timely comply with the Second and Final Order to Show Cause, nor has he notified the Court about a change of address.

The Court may dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of

2

the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629–30.

This record reflects that lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile."  *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).  Irving did not comply with three Court Orders, after being warned as many times that failing to do so may lead to the dismissal of this case.  (Order at 1, ECF No. 3; Order to Show Cause at 2, ECF No. 4; Second and Final Order to Show Cause at 2, ECF No. 5).  Despite these warnings, Irving has not contacted the Court or taken any action in this case since December 23, 2022— the day his Complaint was filed.

Given his clear record of delay and contumacious conduct, it is apparent that Irving no longer wishes to pursue this lawsuit.  Dismissal without prejudice is warranted.  *See, e.g.*, *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming *sua sponte* dismissal of *pro se* prisoner case for failure to comply with district court's order to further identify the defendants).

**IT IS THEREFORE ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 13th day of March, 2023.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE